# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 20-10169
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON ANDREW CAVAZOS,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-99-1

_____

Before JONES, BARKSDALE, AND STEWART, *Circuit Judges*.

PER CURIAM:*

Jason Andrew Cavazos pleaded guilty to enticement of a minor, in violation of 18 U.S.C. § 2422(b). He was sentenced to, *inter alia*, a within-Sentencing Guidelines sentence of 151-months' imprisonment. Cavazos challenges the district court's application of a two-level Guidelines'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10169

enhancement for his commission of a sex act in relation to his enticement offense. His claim fails.

As Cavazos concedes, he did not preserve the enhancement issue in district court. Review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Cavazos must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Guideline § 2G1.3(b)(4) provides a two-level enhancement for a sex offense involving a minor if "the offense involved the commission of a sex act or sexual contact". U.S.S.G. § 2G1.3(b)(4). An "offense" is defined as "the offense of conviction and all *relevant conduct* under [Guideline] § 1B1.3". U.S.S.G. § 1B1.1 cmt. n.1(I) (emphasis added). Importantly, Guideline § 1B1.3(a) defines "relevant conduct" as including, *inter alia*, "all acts and omissions . . . that occurred . . . in preparation for [the offense of conviction]". U.S.S.G. § 1B1.3(a). Accordingly, a two-level Guidelines enhancement is added when defendant's sex offense involving a minor (offense of conviction) is in conjunction with a preparatory sexual act or sexual contact (relevant conduct).

The district court adopted the presentence investigation report and applied the Guideline 2G1.3(b)(4) enhancement, noting Cavazos (32-year-old registered sex offender) and Jane Doe (13-years-old) had engaged in oral sex the same month as his subsequent offense of enticement. Cavazos contends: the court erred by finding the prior sexual encounter to be relevant conduct "in preparation for" his subsequent enticement offense.

2

No. 20-10169

Cavazos fails to show the requisite clear or obvious error. In that regard, it is neither clear nor obvious that the phrase "in preparation for", as used in Guideline 1B1.3(a)(1), must be interpreted to preclude Cavazos' prior sexual act with Doe. *See Broussard*, 669 F.3d at 553. He cites no binding precedent, and there is no relevant authority holding that a prior sex act cannot be preparatory for a subsequent enticement offense involving the same victim and offender. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) (noting that "lack of binding authority is often dispositive in the plain-error context"). Moreover, there is a reasonable dispute whether the prior sex act constituted "grooming behavior" for the purposes of further sexual abuse. *See generally United States v. Howard*, 766 F.3d 414, 424–25 (5th Cir. 2014) (discussing the tactic of "grooming" minors to entice illegal sex).

AFFIRMED.